IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TONYA FOSTER, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:14-CV-00914-BF |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Commissioner of Social Security, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Tonya Foster ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying her claim for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act (the "Act") pursuant to 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is REVERSED AND REMANDED for further proceedings consistent with this opinion.

## Background

Plaintiff alleges that she is disabled due to her mental impairments including depression and bipolar disorder. Tr. Rec. [D.E. 9-3 at 215, 218]. After denial of her applications for disability insurance benefits and supplemental security income, Plaintiff requested a hearing before an administrative law judge ("ALJ"). Pl.'s Br. [D.E. 16 at 1]. That hearing was held on November 29, 2012. Tr. Rec. at 73. At the time of the hearing, Plaintiff was thirty-five years old. *Id.* at 78. Plaintiff took special education classes for math, dropped out of high school after the tenth grade, and never obtained her GED. *Id.* at 78. Plaintiff has worked in the past as an American Airlines reservation clerk, Neiman Marcus Customer Service Representative, waitress, teacher's aide,

1

home healthcare representative, and DirecTV customer service representative. *Id.* at 95-96. Plaintiff has not engaged in substantial gainful activity since March 26, 2007. *Id.* at 75.

The ALJ found that Plaintiff has not been under a disability within the meaning of the Social Security Act at any time through the date of her decision on December 21, 2012. *Id.* at 70. The ALJ determined that Plaintiff suffered from the following severe impairments: major depressive disorder, anxiety disorder, and bipolar disorder. *Id.* at 75. The ALJ concluded that Plaintiff's impairments did not meet sections 12.04 or 12.06 of the Listings. *Id.* at 76. The ALJ further concluded Plaintiff's impairments would not meet or medically equal any other listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* The ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform the full range of work at all exertional levels but with the following limitations: she can only understand, remember, and carry out simple instructions; can only occasionally interact with supervisors and coworkers; and can never interact with the public. *Id.* at 77. Relying on the testimony of vocational expert ("VE") Joy Shoop, the ALJ found that Plaintiff was capable of working as a packaging line worker, an assembler of small products, and a labeling machine operator. *Id.* at 83. Plaintiff appealed that decision to the Appeals Council. Pl.'s Br. at 1. The Council denied review. *Id.* Plaintiff then filed this action in federal district court.

Plaintiff seeks reversal of the Commissioner's decision on the following grounds:

(1) The ALJ erred in weighing the treating physician's medical opinions diagnosing and assessing an impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1;

(2) The ALJ under Step Two failed to sufficiently set forth in her findings that Plaintiff's cognitive impairments are not severe;

(3) The ALJ failed to consider Listing 12.05C;

(4) The hypothetical question that the ALJ posed to the VE failed to account for all of Plaintiff's mental and physical limitations and violated *Bowling v. Shalala*;

(5) The ALJ failed to make specific findings that Plaintiff can maintain employment.

Pl.'s Br. at 2-3. Among these, the ALJ's failure to consider Listing 12.05C and properly weigh the treating physician's opinion compels remand.

### Legal Standards

A claimant must prove that she is disabled for purposes of the Social Security Act to be entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

(1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;

(2) an individual who does not have a "severe impairment" will not be found to be disabled;

(3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;

(4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and

(5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

3

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990) (paraphrasing 20 C.F.R. § 404.1520(b)-(f)).

The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)). If the Commissioner demonstrates that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan* , 914 F.2d 614, 618 (5th Cir. 1990).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits was supported by substantial evidence and to whether the proper legal standard was utilized. *Greenspan*, 38 F.3d at 236; 42 U.S.C.A. § 405(g). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

## Analysis

### *1. Plaintiff's Treating Physician's Opinion*

Plaintiff first contends that the ALJ committed plain error in her failure to weigh the medical opinions about her cognitive impairment and intellectual deficits. Pl.'s Br. at 12. Plaintiff contends that the ALJ failed to give "good reasons" for the weight she gave to the treating

physician's opinions. *Id.* Under 20 C.F.R § 404.1527(c)(2), "[w]e give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment . . . " In accordance with § 404.1527(c)(6), the Commissioner can consider any factors, which tend to support or contradict the opinion. *See* 20 C.F.R § 404.1527(c)(6).

Plaintiff contends the ALJ failed to give weight to the opinion of her treating psychiatrist, Dr. Steven Lyrene. Dr. Lyrene initially assessed Plaintiff in July 1993 when she was sixteen years old at Menninger Children's Hospital ("Menninger"). Tr. Rec. at 357. Plaintiff was admitted to Stormont-Vail Hospital after taking an overdose of seventy Prozac on July 7, 1993, and then transferred to Dr. Lyrene at Menninger. *Id* at 357. Dr. Lyrene's reporting period and treatment was from July 27, 1993, to September 2, 1993. *Id.* Plaintiff came to Menninger because she was on suicide watch. *Id.* at 358. Dr. Lyrene noted in a conclusive report dated September 30, 1993, that Plaintiff has a chronic history of depression, and it is a longstanding feature of her life. *Id.* at 359, 362. Dr. Lyrene further noted that Plaintiff had: a Full Scale IQ of 65 with severe and consistent problems with visual-spatial perception and reasoning; visual motor deficits; academic skills falling consistently in the lowest quartile for her age group; immaturity with very severe learning disabilities; and a background of disrupted relationships and emotional neglect. *Id.* at 360. He also found that Plaintiff has limited intellectual functioning. *Id.* at 359. Dr. Lyrene recommended extended residential treatment, and Plaintiff moved to Hillside Residential Unit. *Id.* at 362.

Dr. Lyrene opined that Plaintiff has a "pervasive learning disorder which often interferes with math and writing achievement and social-emotional functioning." Pl.'s Br. at 11; *see* Tr. Rec. at 350. Further, "she has a very severe deficit in non-verbal perception and problem solving . . .

5

somewhat limited verbal abilities . . . she should avoid programs emphasizing manual dexterity and visual-motor performance which could be defeating for Tonya." Pl.'s Br. at 11; *see* Tr. Rec. at 341, 351.

The ALJ did not give controlling weight to Dr. Lyrene's opinion in her decision. Tr. Rec. at 75-83. Instead, the ALJ gave "substantial weight" to the opinion of Dr. Rick Adams. *Id.* at 81-82. The ALJ failed to give any evidence that she considered Dr. Lyrene's evaluation or her almost three month hospitalization at Menninger and Hillside. *See Id.* at 73-84. The ALJ does not mention Dr. Lyrene, address his opinion, or any of his records. *See Id.* at 73-84. Section 404.1527(d)(2) requires the ALJ to give controlling weight to a treating physician's opinion if the ALJ finds that opinion to be well supported by medically-acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence in the case record. *See* 20 C.F.R. § 404.1527(d)(2). In many cases, a treating physician's opinion is entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight. *See* SSR 96–2p.

At Plaintiff's hearing, Dr. Rick Adams, testified as a Medical Expert ("ME"). Tr. Rec. at 108. The ALJ's decision gives more weight to the ME who reviewed the medical evidence of record than to Plaintiff's treating physician, Dr. Lyrene. Dr. Adams testified that Plaintiff has problems with depression and bipolar symptoms but failed to meet listings 12.04 or 12.06. *Id.* at 109. Dr. Adams did not address if Plaintiff meets 12.05. *Id.* Dr. Adams's testimony did bring to light evidence of the Plaintiff's Performance IQ but the ALJ did not consider it further. *Id.* at 82. Plaintiff argues the ALJ's failure to properly consider her psychiatrist's opinion is prejudicial error. Pl.'s Br. at 16. The Court agrees.

Section 404.1527(d)(2) requires the ALJ to consider specific factors "to assess the weight to be given to the opinion of a treating physician when the ALJ determines that [the opinion] is not entitled to 'controlling weight.'" *Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir.2000); *see* S.S.R. 96–2p. Specifically, the ALJ must consider:

(1) the length of the treatment relationship and the frequency of examination,

(2) the nature and extent of the treatment relationship,

(3) the support for the treating physician's opinion,

(4) the consistency of the treating physician's opinion with the record as a whole,

(5) the treating physician's specialization, and

(6) other factors brought to the attention of the ALJ.

20 C.F.R. § 404.1527(d)(2). An ALJ may not arbitrarily ignore uncontroverted medical evidence. *Goodley v. Harris*, 608 F.2d 234, 236–37 (5th Cir.1979) (citing *Mims v. Califano*, 581 F.2d 1211 (5th Cir.1978)). Although an ALJ does not have to address each and every medical record of a treating physician, the ALJ is required to consider all the evidence in making their determinations. *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000). Here, the ALJ effectively ignored Dr. Lyrene's opinions. If the ALJ would have properly considered Dr. Lyrene's opinion, she may have found Plaintiff meets Listing 12.05C. The ALJ's failure to consider all of the evidence, including Plaintiff's treating physician's opinion, is thus prejudicial and requires remand.

### *2. Listing 12.05C*

Plaintiff also contends that the ALJ did not consider in her analysis Listing 12.05C and this error justifies remand. Pl.'s Br. at 15. Specifically, Plaintiff contends that the ALJ erred by failing to properly consider or account for her cognitive and learning disorders in the listings analysis at

7

step three. *Id.* Plaintiff argues that because she has a Full Scale IQ Score of 65 she meets the requirement of 12.05C. *Id.* at 11.

Pursuant to the holding in *Audler*, in a case in which the ALJ's step three determination is at issue, the reviewing court must (1) determine whether the ALJ supported the step three determination with a discussion of the relevant evidence, and, if she failed to do so, (2) determine whether the ALJ's error was harmless. *Cadzow v. Colvin*, No. 5:12-CV-225-C, 2013 WL 5585936, at *4 (N.D. Tex. Oct. 10, 2013) (citing *Audler v. Astrue*, 501 F.3d 446, 448–49 (5th Cir. 2007)). Error is "harmless" when it does not compromise the ALJ's ultimate conclusion. *Id.* (citing *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). If the evidence suggests that the claimant's impairments meet the requirements of a listing, the ALJ's failure to provide the basis for her step three decision is error that requires remand. *Cadzow*, 2013 WL 5585936, at *4 (citing *Audler* 501 F.3d 449).

Turning to the first part of the *Audler* test, the ALJ determined that Plaintiff does not have a mental impairment or combination of impairments that meets or medically equals the requirements of Listing 12.04 and 12.06. Tr. Rec. at 76. She did not consider 12.05. *Id.* The ALJ looked to the four criteria under 12.04B and 12.06B which require a:

(1) Marked restriction of activities of daily living; or

(2) Marked difficulties in maintaining social functioning; or

(3) Marked difficulties in maintaining concentration, persistence, or pace; or

(4) Repeated episodes of decompensation, each of extended duration.

20 C.F.R. § Pt. 404, Subpt. P, App. 1. The plaintiff must show two of these four categories apply to her disability. The ALJ found that Plaintiff did not meet at least two marked limitations or repeated episodes of decompensation. Tr. Rec. at 77. In the ALJ's decision, she held that in the

Plaintiff's restriction of activities of daily living, the claimant has mild restriction noting the Plaintiff made her own meals every day, cooked, does chores, and goes shopping. *Id.* at 76. The ALJ found in maintaining social functioning, the claimant has moderate difficulties including: spending seldom time with family and few friends, she becomes easily aggravated, does not handle stress well, and gets along with authority figures "ok." *Id.* With regard to concentration, persistence, or pace, the claimant has moderate difficulties. *Id.* at 76. The ALJ found the claimant had trouble focusing and that she cannot follow written or spoken instructions. *Id.* The ALJ found that claimant has experienced no episodes of decompensation which have been of extended duration. *Id.* In accordance with this analysis, the ALJ found a lack of evidence for meeting either paragraph B or C of Listing 12.00. *Id.* at 77.

The ALJ failed to analyze whether Plaintiff is disabled under Listing 12.05. *Id.* at 76. The threshold criteria of Section 12.05 requires Plaintiff to show "significantly sub-average general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." *See Campos v. Astrue*, No. 5:08-CV-115-C, 2009 WL 1586194, at *2 (N.D. Tex. June 8, 2009) (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05). Specifically, 12.05C requires "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. § Pt. 404, Subpt. P, App. 1.

The record in this case reflects that Plaintiff's Full Scale IQ Score of 65, tested at age fourteen, clearly meets the first requirement of 12.05C. Tr. Rec. at 76-77, 341. Listing 12.05C encompasses Dr. Lyrene's conclusion that Plaintiff's "highest of her three separate IQ scores falls within the borderline intellectual functioning range." Pl.'s Br. at 12; Tr. Rec. at 112. At no point

9

in the ALJ's decision does she mention Plaintiff's IQ. *See* Tr. Rec. at 73-84. Additionally, Plaintiff is unable to drive, does not have a GED, and was in special education classes from a young age. *Id.* at 78. The ALJ found that the Plaintiff's obesity does not interfere with her ability to work and is a non-severe impairment. *Id.* at 76. The ALJ's emphasis throughout the decision that the claimant is able to care for five children at home, perform housework, cook, and shop is unavailing. *Id.* at 81. The ALJ determined that Plaintiff does have mental impairments of major depressive disorder, anxiety disorder, and bipolar disorder that results in at least moderate difficulty in social functioning, concentration, persistence, and pace. *Id.* at 75-76. These findings satisfy the third requirement under 12.05C, that the claimant have a physical or other mental impairment that imposes an additional and significant work-related limitation of function. Dr. Adams testimony that Plaintiff is "unable to perform mechanical type work" further acknowledges this requirement. *Id.* at 112. The record shows in June 2011, Plaintiff was still having depression, anxiety, thoughts of hurting herself, and insomnia. *Id.* at 401. Plaintiff continued to suffer from these symptoms through November 2012. *Id.* at 407.

In *Stanard v. Astrue*, the ALJ committed reversible error in failing to provide legally sufficient reasons for rejecting evidence that plaintiff's valid verbal IQ score of 70 did meet or equal Listing 12.05C. *Stanard v. Astrue,* No. 11–6090–AA, 2012 WL 775270, at *7–8 (D. Or. Mar. 5, 2012); *see also Audler*, 501 F.3d at 448 (holding ALJ has a duty to analyze plaintiff's impairments under every applicable listing); *Bailey v. Astrue*, No. 3:10–CV–1187–13D, 2011 WL 4048394, at *4 (N.D. Tex. Sept. 12, 2011) (holding ALJ must consider Listing 12.05C where record includes evidence of low IQ and other severe impairments). Here, the ALJ failed to provide *any reasons* for rejecting evidence that Plaintiff's Full Scale IQ score satisfied the requirements of Listing 12.05C. The ALJ did not consider Plaintiff's physical and mental impairments in the

10

context of 12.05C. Further, the Commissioner does not try to rebut Plaintiff's argument of 12.05C at any point in her brief. Def.'s Br. [D.E. 17 at 1-10]. Because the ALJ's decision requires reversal, the Court need not address Plaintiff's remaining claims as she can raise those issues before the ALJ on remand. *See* 20 C.F.R. § 404.983 (holding that when a case is remanded from federal court, the ALJ may consider any issues relating to the claim).

In view of all the evidence, the hearing decision must be reversed so the Commissioner can evaluate, in the first instance, whether Plaintiff meets or equals the requirements of Listing 12.05C under the correct legal standard. *Pritchett v. Comm'r of Soc. Sec. Admin.*, No. 3:11–CV–00309–BF, 2012 WL 1058123, at *9 (N.D. Tex. Mar. 29, 2012) (remand required where ALJ failed to apply the appropriate legal standard in finding that plaintiff's impairments did not meet or equal Listing 12. 05C); *Adams v. Astrue*, No. 4:10–CV–0216–BD, 2011 WL 2550772, at *3 (N.D. Tex. June 27, 2011) (remand required where record contained strong evidence of mental retardation and improper reliance by the ALJ on lack of IQ testing before age 22).

### Conclusion

For the foregoing reasons, the final decision of the Commissioner is REVERSED AND REMANDED.

SO ORDERED, this __ day of June, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE